UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DARYL L. REID,

               Petitioner,

    v.

KEITH YORDY, ISCI Warden,

               Respondent.

Case No. 1:14-cv-00178-EJL

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Petitioner Daryl L. Reid's Petition for Writ of Habeas Corpus. (Dkt. 6.) Respondent has filed an Answer and Brief in Support of Dismissal (Dkt. 14.) Petitioner did not file a reply.

With the exception of Claims 2(f) and 4(b), Petitioner's habeas claims all involve allegations that certain witnesses communicated with each other, before and during Petitioner's criminal trial, regarding the testimony they would give or had given. Claims 2(f) and 4(b) involve the admission at trial of evidence of prior bad acts under Idaho Rule of Evidence 404(b).[1]

---

[1]     Rule 404(b) provides, in pertinent part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity

**MEMORANDUM DECISION AND ORDER - 1**

The Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Having carefully reviewed the record, including the state court record, the Court concludes (1) that all of Petitioner's claims, other than Claim 4(a), are procedurally defaulted, and (2) that Claim 4(a) fails on the merits. Accordingly, the Court enters the following Order dismissing the Petition in part, denying the Petition in part, and dismissing this case with prejudice.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on June 30, 2014. (Dkt. 11.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Following a 7-day trial in the Sixth Judicial District Court in Bear Lake County, Idaho, Petitioner was convicted by a jury of one count of forcible rape, 25 counts of lewd conduct with a minor child under sixteen years of age, 21 counts of sexual battery of a minor child sixteen or seventeen years of age, and one count of misdemeanor battery, in violation of Idaho Code §§ 18-6101(3), 18-1508, 18-1508A(1)(a), and 18-903. Petitioner received aggregate sentences totaling life imprisonment with 33 years fixed. The Idaho Court of Appeals upheld Petitioner's convictions and sentences, and the Idaho Supreme Court denied review. (State's Lodging B-4 & B-7.)

---

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner then filed a pro se petition for state postconviction relief, asserting numerous claims. (State's Lodging C-1 at 4-8.) Petitioner did not request that the trial court take judicial notice of the underlying trial records, nor did he attach to his petition any transcripts, exhibits, or other documents to support his petition, other than his own affidavit. (State's Lodging D-6 at 5.) The state district court denied Petitioner's request for counsel and dismissed the petition. (State's Lodging C-1 at 18-20, 32-37.)

On appeal from the denial of his postconviction petition, Petitioner—with the assistance of counsel—argued only that (1) his trial counsel was ineffective in failing to prevent certain witnesses from synchronizing their testimony, and (2) the state district court erred, under state law, by denying Petitioner's request for counsel. (State's Lodging D-3 & D-5.)

The Idaho Court of Appeals affirmed the denial of Petitioner's request for appointed counsel because the petition contained only "conclusory allegations, unsubstantiated by any factual evidence." (State's Lodging D-6 at 7, quoting State's Lodging C-1 at 20.) With respect to Petitioner's ineffective assistance claim, the court upheld the denial of postconviction relief, holding that "[n]either the petition nor [Petitioner's] affidavit bears out any facts that show deficient performance by his attorney beyond his bare and conclusory allegations." (*Id.* at 5.) The court of appeals noted that this lack of factual support was the result of Petitioner's failure to submit any trial transcripts or other documents, as well as his failure to request that the postconviction court take judicial notice of the underlying criminal records. (*Id.*) The Idaho Supreme Court denied review. (State's Lodging D-9.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner filed the instant habeas corpus action in May 2014. Petitioner brings four claims, including numerous sub-claims. Claim 1, which consists of sub-claims 1(a) through 1(e), alleges that Petitioner's due process rights were violated when certain trial witnesses communicated with each other before and during the trial, in contravention of the trial judge's orders, "to ensure they got their story straight." (Dkt. 6 at 3-4.)

Claim 2 primarily asserts violations of the Equal Protection Clause, but also invokes the Due Process Clause (which is duplicative of Claim 1). Sub-claims 2(a) through 2(e) are based on the same alleged communication among trial witnesses, while sub-claim 2(f) asserts that the trial court erred by "allow[ing] the Defense Counsel to get away with strategically violating the [Idaho Rule of Evidence] 404(b) rule" by failing to obtain the exclusion of evidence of prior bad acts—the testimony of two of Petitioner's stepdaughters regarding sexual abuse that Petitioner had previously committed against them.[2] (*Id*. at 4-5.)

Claim 3, which includes sub-claims 3(a) and 3(b), asserts that the prosecutor committed misconduct by allowing trial witnesses to communicate with each other before and during the trial. (*Id*. at 5-6.)

Claim 4 asserts ineffective assistance of counsel in violation of the Sixth Amendment. Sub-claim 4(a) alleges that trial counsel "engaged in planning to allow" the state trial witnesses to communicate with each other; sub-claim 4(b) claims that trial

---

[2]     Prior to trial, the prosecution sought to have three of Petitioner's step-daughters testify, under Rule 404(b), to previous sexual misconduct committed by Petitioner. Petitioner's attorney argued that all three witnesses should be excluded. The trial court determined that the testimony offered by one of the three witnesses did not qualify for admission under Rule 404(b), but allowed the testimony of the other two witnesses.

**MEMORANDUM DECISION AND ORDER - 4**

counsel was ineffective in failing to convince the court to exclude the Rule 404(b) evidence. (*Id*. at 6.)[3]

## DISCUSSION OF CLAIMS 1, 2, 3, AND 4(b)

Respondent argues that Claim 1 (all sub-claims), Claim 2 (all sub-claims), Claim 3 (all sub-claims) and Claim 4(b) are procedurally defaulted. For the reasons that follow, the Court agrees.

**1.      Procedural Default Standard of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. at 845.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court

---

[3]      Petitioner also alleges that he has been deprived of his rights under the Idaho constitution. (Dkt. 6 at 3.) However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

**MEMORANDUM DECISION AND ORDER - 5**

by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

## 2.     All of Petitioner's Claims, with the Exception of Claim 4(a), Are Procedurally Defaulted, and the Default Cannot Be Excused

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal habeas claims is to review which claims were raised and

**MEMORANDUM DECISION AND ORDER - 6**

addressed on the merits in the state court appellate proceedings. Having done so, the Court concludes that the only claim raised by Petitioner in the instant habeas action that was also fairly presented to the Idaho Supreme Court is Claim 4(a): ineffective assistance of counsel based on counsel's alleged failure to prevent witnesses from communicating with each other before and during trial.

On direct appeal, Petitioner argued (1) that the trial court erroneously admitted prior evidence of bad acts under Idaho Rule of Evidence 404(b), in the form of the two witnesses who testified to previous sexual abuse by Petitioner; (2) that the prosecutor committed misconduct by (a) violating the trial court's order limiting the scope of a witness's questioning, (b) conducting an improper voir dire, opening statement, and closing argument by conditioning the jury to sympathize with the two victims, (c) appealing to the passions and prejudices of the jury, (d) commenting to the jury on Petitioner's failure to present evidence of innocence, and (e) making disparaging remarks about defense counsel; (3) that the trial court erroneously excluded testimony pertaining to a prior statement of one of the victims; (4) cumulative error; and (5) that the sentences were excessive. (State's Lodging B-1 & B-3.)

These claims were fairly presented to the Idaho Supreme Court on direct appeal, which declined to review the Idaho Court of Appeals' decision upholding Petitioner's convictions and sentences. However, Petitioner does not raise any of these claims in the instant habeas petition. Although Petitioner raised on direct appeal a claim involving the introduction of evidence of prior bad acts, he argued that issue only as a violation of the Idaho Rules of Evidence. (*Id*.) He did not raise any claim that the admission of this

**MEMORANDUM DECISION AND ORDER - 7**

evidence violated the U.S. Constitution, whether under the Due Process Clause, the Equal Protection Clause, or otherwise. In addition, properly exhausting the claim that the trial court erred in admitting the Rule 404(b) evidence is insufficient to properly exhaust the separate, though related, claim that Petitioner's trial counsel was ineffective for failing to secure the exclusion of that evidence. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although [the petitioner's] Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, *they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts*." (emphasis added)).

On appeal from the denial of Petitioner's state postconviction petition, Petitioner argued only that his trial counsel rendered ineffective assistance by failing to prevent communication among various trial witnesses and that Petitioner should have been granted postconviction counsel in the state district court. These claims were fairly presented to the Idaho Supreme Court in Petitioner's petition for review of the decision of the Idaho Court of Appeals. In his habeas petition, however, Petitioner presents only the first claim: ineffective assistance of trial counsel with respect to communications among the prosecution witnesses. This is Claim 4(a) of the Petition, which will be decided on the merits.

Because all of Petitioner's habeas claims, other than Claim 4(a), are procedurally defaulted, and because Petitioner has not contended that cause and prejudice or actual

**MEMORANDUM DECISION AND ORDER - 8**

innocence excuses the default, those claims must be dismissed with prejudice. The Court now turns to Claim 4(a).

## DISCUSSION OF THE MERITS OF CLAIM 4(a):
## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
## REGARDING WITNESS COMMUNICATION

**1.      Standard of Law for Review of Habeas Claims on the Merits**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 100 (2011). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

**MEMORANDUM DECISION AND ORDER - 9**

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Richter*, 562 U.S. at 102. The Supreme Court

**MEMORANDUM DECISION AND ORDER - 10**

emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas

**MEMORANDUM DECISION AND ORDER - 11**

court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for the procedural default of a claim exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

**MEMORANDUM DECISION AND ORDER - 12**

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(d)(1). Rather, the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

**2.      Petitioner Is Not Entitled to Relief on Claim 4(a)**

      *A.      Factual Basis of Claim 4(a)*

Claim 4(a) involves trial counsel's performance with respect to various witnesses who allegedly communicated with each other before and during trial. After voir dire but before the presentation of witnesses, the trial court ordered that all witnesses, other than the victims, be excluded from the courtroom and that they not discuss their testimony amongst each other. (State's Lodging A-9 at 110-13.) The prosecutor and defense attorney were charged with "mak[ing] their [respective] potential witnesses aware of the order." (*Id*. at 113.)

During the presentation of the defense case, the mother of one of the defense witnesses informed defense counsel that another defense witness, Collette Cordon, was talking about her testimony and attempting to engage in communication with other witnesses. (State's Lodging A-14 at 88-89.) The trial court questioned Ms. Cordon, who denied the allegations. The court informed Cordon of the order prohibiting communication between witnesses and admonished her not to violate it. (*Id*. at 89.)

**MEMORANDUM DECISION AND ORDER - 13**

The prosecutor then informed the court that he suspected that the victims'
mother—who was eventually called to testify for the defense—may have attempted to
communicate with her children (who testified for the prosecution) regarding their
testimony. (*Id*. at 91.) Two of her children were the victims in the case, and two of her
other children testified, pursuant to Idaho Rule of Evidence 404(b), that Petitioner had
previously molested them. The trial court concluded that these witnesses had not
discussed with each other any "substantive issues" regarding the case, but the court did
express concern with the situation. The judge appointed a probation officer who was
present at the time to ensure "that there are no violations of my orders with respect to
communicating, regarding testimony, or testimony of others" during the proceedings. (*Id*.
at 94.)

The defense later called Petitioner's ex-wife, the mother of the victims and the two
404(b) witnesses, to testify. During her testimony, she stated (outside the presence of the
jury) that although her daughters had told her a little bit about the trial, they did not
discuss "the substance of [any] testimony." (State's Lodging A-15 at 208-11.) After
questioning the mother further, Petitioner's defense attorney stated, "It doesn't appear
that there has been any crossover into boundaries that shouldn't have been crossed—
other than it shouldn't have been talk about at all but I don't think there has been any
substance discussed . . . ." (*Id*. at 212.) The trial court, satisfied that its order had not been
violated, called the jury back in to continue with the evidence.

The issue came up again when the mother testified that one of the victims told her
that the victim did not know one of the witnesses. (*Id*. at 276.) After further questioning

**MEMORANDUM DECISION AND ORDER - 14**

by defense counsel outside the presence of the jury, the mother clarified that she did not "have a discussion with [the victim] regarding [her] testimony in court," but instead had only asked the victim if she knew the witness, and the victim had said she did not. (*Id*. at 277.)

After hearing the mother's testimony about what she had and had not discussed with her daughters, the trial court concluded that "whatever conversations were had did not involve her testimony . . . I'm not seeing at this point in time any direct violation of my order that [the mother] discussed the substantive testimony of [one of the victims] with her . . . [I]t doesn't sound as though it got to any of the substance." (*Id*. at 282.) The court stated that it was "satisfied that its order ha[d] not been breached" but that it continued to be concerned about ongoing communications between witnesses. The court instructed the mother that she must not discuss anything about the case with her daughters: "[I]t's difficult where your daughters are the primary witnesses and the alleged victims in this case, not to have some discussions with them regarding these issues, however, it is the express order of this Court that those discussions are not to occur." (*Id*. at 283.) The Court later determined that its admonishment was the first time anyone had told the mother about the Court's order not to discuss testimony, despite the fact that the mother had been on both the prosecutor's and the defense attorney's potential witness lists. (State's Lodging A-16 at 26.) Petitioner's attorney moved for a mistrial based on the discussions between mother and daughters, but the motion was denied. (State's Lodging A-15 at 285-87.)

**MEMORANDUM DECISION AND ORDER - 15**

After yet another indication during the mother's testimony that she had spoken to her children about issues in the case, the Court found again that no witness had directly violated the court's order not to discuss *the substance of their testimony*, rather than simply discussing issues that may have touched on the case. (State's Lodging A-16 at 23.) Defense counsel again requested a mistrial, which the Court denied, stating, "The Court is still of the conclusion that no one has demonstrated to me that anyone has discussed testimony that was addressed here in court or testimony of other witnesses that was in court." (*Id*. at 26.)

When the issue of witness communication came up one final time, defense counsel made his third motion for a mistrial, arguing that the various witnesses committed "misconduct [by] talking about substantive issues of this trial." (*Id*. at 74.) The trial court disagreed, clarifying that its order had "instruct[ed] them not to discuss *testimonies* given in trial or in preparation. It sounds like if there was a discussion it did not as I've indicated previously . . . go to any of the substantive testimony." (*Id*. (emphasis added).)

### B.    *Clearly-Established Federal Law*

The Sixth Amendment to the United States Constitution provides that a criminal defendant has a right to the effective assistance of counsel in his defense. The clearly-established law regarding ineffective assistance of counsel claims was announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

**MEMORANDUM DECISION AND ORDER - 16**

Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness.  *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense or which evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to investigate a potential defense theory is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

**MEMORANDUM DECISION AND ORDER - 17**

> [S]trategic choices made after less than complete
> investigation are reasonable precisely to the extent that
> reasonable professional judgments support the limitations on
> investigation. In other words, counsel has a duty to make
> reasonable investigations or to make a reasonable decision
> that makes particular investigations unnecessary. In any
> ineffectiveness case, a particular decision not to investigate
> must be directly assessed for reasonableness in all the
> circumstances, applying a heavy measure of deference to
> counsel's judgments.

*Id.* at 690-91.

If a petitioner shows that counsel's performance was deficient, the next step is the

prejudice analysis. "An error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner

"must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id*. at 694. As the

*Strickland* Court instructed:

> In making this determination, a court hearing an
> ineffectiveness claim must consider the totality of the
> evidence before the judge or jury. Some of the factual
> findings will have been unaffected by the errors, and factual
> findings that were affected will have been affected in
> different ways. Some errors will have had a pervasive effect
> on the inferences to be drawn from the evidence, altering the
> entire evidentiary picture, and some will have had an isolated,
> trivial effect. Moreover, a verdict or conclusion only weakly
> supported by the record is more likely to have been affected
> by errors than one with overwhelming record support. Taking
> the unaffected findings as a given, and taking due account of
> the effect of the errors on the remaining findings, a court
> making the prejudice inquiry must ask if the defendant has
> met the burden of showing that the decision reached would
> reasonably likely have been different absent the errors.

**MEMORANDUM DECISION AND ORDER - 18**

*Id.* at 695-96. To constitute *Strickland* prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d)(1), the Court's review of that claim is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

### C.    *The Decision of the Idaho Court of Appeals Was Not Unreasonable*

In Claim 4(a), Petitioner alleges that his trial counsel was ineffective for failing to ensure that various witnesses, particularly the mother, the two victims, and the two 404(b) witnesses, did not communicate amongst each other or synchronize their stories for the jury. The state appellate court rejected this claim on the merits.

The Idaho Court of Appeals correctly cited *Strickland* as the federal precedent governing ineffective assistance of counsel claims. (State's Lodging D-6 at 4.) It then determined that Petitioner—having failed to attach any trial transcripts or other documentation to support his bare and conclusory statements that his trial attorney rendered ineffective assistance with respect to communication between witnesses—had not established "any facts that show deficient performance by his attorney." (*Id.* at 5.) The court held that Petitioner's "allegations of defense counsel planning, colluding, and scheming are, indeed, simply allegations with absolutely no factual or evidentiary support." (*Id.*)

Claim 4(a) fares no better in this Court, for even after considering the trial transcripts—which the court of appeals did not have and which, under *Pinholster*, the

**MEMORANDUM DECISION AND ORDER - 19**

Court is not required to review—the Court has not found a shred of evidence tending to show ineffective assistance of counsel. Defense counsel vigorously represented Petitioner and performed well within the range of reasonable professional assistance. Each time a witness's testimony even remotely indicated that there might have been a violation of the trial court's order restricting witness communication, Petitioner's attorney raised that issue to the trial court and requested a mistrial—even when the witnesses who allegedly violated the order were testifying for the *defense*.

Moreover, Petitioner cannot show *Strickland* prejudice because the trial court explicitly found that no witness had actually violated the order prohibiting discussion of their testimony. Petitioner has not offered any evidence that this factual finding was unreasonable under 28 U.S.C. § 2254(d)(2). Finally, the Court has found no clearly-established Supreme Court precedent holding that the mere fact that witnesses might have not been told to avoid discussing case-specific issues with each other renders a defense attorney ineffective for failing to prohibit such discussions. *See* 28 U.S.C. § 2254(d)(1).

For the foregoing reasons, Plaintiff has not shown that the state court's rejection of his ineffective assistance of counsel claim, which is based on counsel's alleged failure to ensure that various witnesses did not discuss each other's testimony, was contrary to, or involved an unreasonable application of, clearly-established federal law, or was based on an unreasonable determination of the facts as required by 28 U.S.C. § 2254(d). Therefore, Claim 4(a) will be denied.

**MEMORANDUM DECISION AND ORDER - 20**

## CONCLUSION

All of Petitioner's habeas claims, other than Claim 4(a), are procedurally defaulted, and Petitioner has not argued that he should be excused from that default on the grounds of cause and prejudice or actual innocence. In addition, Claim 4(a) fails on the merits because fairminded jurists could conclude that the Idaho Court of Appeals' rejection of that claim was correct. *See Richter*, 562 U.S. at 102.

## ORDER

**IT IS ORDERED:**

1.     The Petition for Writ of Habeas Corpus (Dkt. 6) is DISMISSED IN PART and DENIED IN PART, and this entire action is DISMISSED with prejudice.

2.     The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

**MEMORANDUM DECISION AND ORDER - 21**

SO ORDERED.

DATED: July 13, 2015

Edward J. Lodge
United States District Judge